|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| GILA JEAN BURTON-CURL, | CASE NO. 2:22-cv-01781-LK |
|---|---|
| Plaintiff, | |
| v. | |
| SEATTLE COLLEGE DISTRICT SOUTH CAMPUS, | |
| Defendant. | |
| | |
| GILA JEAN BURTON-CURL, | CASE NO. 2:22-cv-01772-LK |
| Plaintiff, | ORDER CONSOLIDATING CASES AND STRIKING MOTIONS TO DISMISS |
| v. | |
| SEATTLE COLLEGE DISTRICT SOUTH CAMPUS, | |
| Defendant | |

ORDER CONSOLIDATING CASES AND STRIKING MOTIONS TO DISMISS - 1

This matter comes before the Court *sua sponte*. Pro se Plaintiff Gila Jean Burton-Curl has filed two complaints. Both involve common questions of law and fact, so the Court ordered Ms. Burton-Curl to show cause why the cases should not be consolidated. Dkt. No. 16.

Ms. Burton-Curl subsequently filed a document captioned "Order to Show Cause," and entered it in the docket as a "Second Amended Complaint." *Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01772-LK, Dkt. No. 13 (W.D. Wash. Mar. 27, 2023). She did not object to consolidation.

Finding that consolidation is appropriate, the Court orders the two cases consolidated and strikes Defendant's pending motions to dismiss without prejudice.

## I.   CONSOLIDATION IS WARRANTED

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "A district court generally has 'broad' discretion to consolidate actions[.]" *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (quoting *Investor's Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). In determining whether consolidation is warranted, courts evaluate the existence of common questions of law or fact and weigh the interests of judicial economy against any delay or prejudice that might result. *See Butler v. Raugh*, No. C19-965-RSM, 2019 WL 3716447, at *2 (W.D. Wash. Aug. 7, 2019) (granting consolidation where there were "common questions of law and fact as each of the lawsuits involve the same operative facts, the same legal theories, and similar relationships between the parties.").

Both of Ms. Burton-Curl's cases arise out of the same employment relationship between her and Defendant. Although the complaints cite different employment-related statutes, both cases involve common questions of law and fact, including whether Defendant accommodated her

disability and paid her wages in September 2022. Principles of judicial economy therefore support consolidation. And both cases are at the same early stage in the litigation, so it does not appear that any delay or prejudice will result from consolidation. *Cf. Davis v. Wash. State Dep't of Corr.*, No. 3:16-CV-05129-BHS-DWC, 2017 WL 368266, at *2 (W.D. Wash. Jan. 24, 2017) (denying motion to consolidate when cases did not involve the same facts or parties and consolidation would cause prejudice where one case involved a pending motion for summary judgment). Consolidation is therefore appropriate.

## II.   THE COURT STRIKES THE MOTIONS TO DISMISS

On April 18, 2023, Defendant filed motions to dismiss in both cases. *See Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01772-LK, Dkt. No. 15 (W.D. Wash.); *Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01781-LK, Dkt. No. 18 (W.D. Wash.). The Court strikes those motions without prejudice because Defendant failed to comply with the requirement in the Court's Standing Order for All Civil Cases that the "[p]arties must make a meaningful effort to confer prior to filing a dispositive motion" and include a certification of conferral with the motion. No. 2:22-cv-01772-LK, Dkt. No. 10 at 6; No. 2:22-cv-01781-LK, Dkt. No. 14 at 6. No later than 21 days after Ms. Burton-Curl files her consolidated complaint in Case Number 2:22-cv-01772-LK as ordered below, Defendant may either renew its Rule 12 motion (following the requisite meet and confer) or answer the complaint.

## III.   CONCLUSION

For the foregoing reasons, the Court finds and ORDERS as follows:

1. *Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01772-LK, (W.D. Wash.) and *Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01781-LK (W.D. Wash.) are CONSOLIDATED;

2. Ms. Burton-Curl is DIRECTED to file an amended consolidated complaint (including

all of her claims against Defendant) in her earlier-filed case—2:22-cv-01772-LK—within 30 days of the date of this ORDER;[1]

3. The parties are DIRECTED to file documents only in 2:22-cv-01772-LK and not in 2:22-cv-01781-LK.

4. The motions to dismiss in *Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01772-LK, Dkt. No. 15 (W.D. Wash.) and *Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01781-LK, Dkt. No. 18 (W.D. Wash.) are STRICKEN without prejudice. Defendant's answer or responsive motion is due no later than 21 days from the date Ms. Burton-Curl files her consolidated complaint.

The Clerk is directed to close 2:22-cv-01781-LK and to send uncertified copies of this Order to all counsel of record and to Ms. Burton-Curl at her last known address.

Dated this 19th day of April, 2023.

                                                 *Lauren King*
                                                 Lauren King
                                                 United States District Judge

---

[1] If Ms. Burton-Curl intended the document she titled "Order to Show Cause" to be her consolidated complaint, she should title it as her "Amended Complaint" and file it in 2:22-cv-01772-LK.

ORDER CONSOLIDATING CASES AND STRIKING MOTIONS TO DISMISS - 4