UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GILA JEAN BURTON-CURL,<br><br>                Plaintiff,<br>    v.<br><br>SEATTLE COLLEGE DISTRICT SOUTH CAMPUS,<br><br>                Defendant. | CASE NO. 2:22-cv-01772-LK<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on the Application for Court-Appointed Counsel in Title VII Action filed by Plaintiff Gila Jean Burton-Curl. Dkt. No. 12. Having reviewed the application, the amended complaint, the balance of the record, and the applicable law, the Court denies Ms. Burton-Curl's application to appoint counsel.[1]

---

[1] The Court has also considered Ms. Burton-Curl's motion to appoint counsel filed in her related case, *Burton-Curl v. Seattle Coll. Dist. S. Campus*, 2:22-cv-01781-LK, Dkt. No. 15 (W.D. Wash. Feb. 22, 2023), which was filed before that case and this one were consolidated, Dkt. No. 16.

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL - 1

## I. BACKGROUND

Ms. Burton-Curl filed two complaints in this district arising out of her employment with Defendant "Seattle College District - South Campus." Dkt. No. 7 at 2. On the same day she filed this action, she filed another case against the same defendant. *Burton-Curl v. Seattle Coll. Dist. S. Campus*, 2:22-cv-01781-LK, Dkt. No. 1 (W.D. Wash. Dec. 14, 2022). Because both of Ms. Burton-Curl's cases arise out of the same employment relationship and involve common questions of law and fact, the Court ordered her to show cause why the two cases should not be consolidated for all purposes. *Id.*, Dkt. No. 16. Ms. Burton-Curl did not object to consolidation, and the Court, finding that consolidation was appropriate, ordered the cases consolidated. *Id.*, Dkt. No. 20 at 2. It also ordered Ms. Burton-Curl to file an amended consolidated complaint, *id.* at 3–4, which she did on May 16, 2023, Dkt. No. 17.

Ms. Burton-Curl alleges that Defendant violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–209. *Id.* at 6–7. She contends Defendant failed to pay her wages due in September and October 2022. *Id.* at 6. She further alleges that Defendant violated the ADA by, among other things, "forc[ing her] to return to in person learning" and denying her a reasonable accommodation of continuing to teach online. *Id.* at 6–7. She also alleges that she "was forced to exit her place of employment . . . or be removed by security," and as a result, she suffered "workplace trauma and PTSD" and was "placed on a long-term medical leave by her doctor." *Id.* at 4. In addition, she alleges that "Race, Sex, Disability, Color, and Age Discrimination are all factors cited in these complaints, in [w]hich Defendant violated Plaintiff's rights." *Id.* at 9.

## II. DISCUSSION

"Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). The Court does, however, have discretion to "request" appointment of counsel for indigent litigants pursuant to section 1915(e)(1) in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1) and *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984)). The exceptional circumstances inquiry requires the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate h[er] claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986) (per curiam). Neither consideration is dispositive, and the Court must view them together. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Ms. Burton-Curl has not shown that either factor weighs in her favor. First, the Court cannot conclude that she is likely to succeed on the merits of her claims based on the undeveloped, limited record before it. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have a strong likelihood of success on the merits."). And she has not otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits. *See Ralls v. Facebook*, No. C16-0007-JLR, 2016 WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016).

Second, this case does not present unusually complex legal or factual issues that would preclude Ms. Burton-Curl from articulating her claims pro se. *See Agyeman*, 390 F.3d at 1103–04. That she might more articulately set forth the facts underlying her claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D.

Wash. July 16, 2013). Nor do her unsuccessful efforts to retain private counsel qualify as an exceptional circumstance. *Curbow v. Clintsman*, No. C21-1420-TLF, 2021 WL 5051662, at *1 (W.D. Wash. Nov. 1, 2021); *see* Dkt. No. 12 at 2. And her filings demonstrate an ability to articulate her claims and submit supporting evidence. Dkt. Nos. 17, 17-1–17-10. Accordingly, Ms. Burton-Curl has not shown that she is entitled to the appointment of counsel at this time.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Burton-Curl's application to appoint counsel. Dkt. No. 12. Unless Ms. Burton-Curl retains counsel, she will be responsible for pursuing this case pro se. Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court and information about the Federal Bar Association's Legal Clinic. https://www.wawd.uscourts.gov/representing-yourself-pro-se. Although the Court affords some leeway to pro se litigants, they must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.

Dated this 22nd day of May, 2023.

Lauren King
United States District Judge