1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

| | |
|---|---|
| GILA JEAN BURTON-CURL,<br><br>                    Plaintiff,<br>          v.<br><br>SOUTH SEATTLE DISTRICT<br>COLLEGE,<br><br>                    Defendant. | CASE NO. 2:23-cv-01242-LK<br><br>ORDER CONSOLIDATING CASES<br>AND DIRECTING PLAINTIFF TO<br>FILE A THIRD AMENDED<br>COMPLAINT |

16

17

18

19

20

21

22

23

24

        This matter comes before the Court *sua sponte*. Pro se Plaintiff Gila Jean Burton-Curl has

filed a complaint that involves common questions of law and fact with *Burton-Curl v. Seattle Coll.*

*Dist.–S. Campus*, No. 2:22-cv-01772-LK (W.D. Wash.). Because it appears that Ms. Burton-Curl

intended her pleading to serve as a motion for leave to file a supplemental complaint, and for the

same reasons the Court consolidated her prior two cases, the Court consolidates this matter with

Case Number 2:22-cv-01772-LK. Ms. Burton-Curl is directed to file an amended consolidated

complaint including all of her claims against Defendant.

ORDER CONSOLIDATING CASES AND DIRECTING PLAINTIFF TO FILE A THIRD AMENDED
COMPLAINT - 1

## I.   BACKGROUND

Ms. Burton-Curl has filed three complaints in this district arising out of her employment with Defendant. On December 14, 2022, she filed a complaint against "Seattle College District South Campus" and an application to proceed in forma pauperis, which was granted. *Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01772-LK, Dkt. Nos. 1, 6–7 (W.D. Wash.) ("*Burton-Curl I*"). She alleged that "Seattle College District–South Campus" violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-209, by failing to pay her wages due in September 2022. *Id.*, Dkt. No. 7 at 3–4. She also stated that she was "under [an] ADA accommodation agreement by HR[.]" *Id.* at 3. The complaint sought $20 million in damages. *Id.* at 5.

On the same day, she filed another case against the same defendant. *Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01781-LK, Dkt. No. 1 (W.D. Wash.). In that complaint, she alleged that "Seattle College Distric[t]–South Campus" violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117. *Id.*, Dkt. No. 8 at 1, 3. She alleged that Defendant "disregarded" her "ADA accommodation letter," "failed to provide[] accommo[]dation for returning to work on Oct. 5, 2022," and denied her pay for September 2022. *Id.* at 5. That complaint also sought $20 million in damages. *Id.* at 6.

The Court issued an Order to Show Cause why the cases should not be consolidated for all purposes. *Id.*, Dkt. No. 16 at 4. After neither party showed cause, the Court ordered the two cases consolidated. *Burton-Curl I*, Dkt. No. 16 at 2–3.

On August 14, 2023, Ms. Burton-Curl filed this third action against the same Defendant. Dkt. No. 1. She asserts claims under Title VII, the ADA, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and unspecified state law. Dkt. No. 5 at 3–4. She contends that Defendant

ORDER CONSOLIDATING CASES AND DIRECTING PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT - 2

1   discriminated against her on "Oct 5, 2022," failed to accommodate her disability, failed to promote

2   her, subjected her to unequal terms and conditions of her employment, retaliated against her, and

3   "[a]verted [her] acceptance into [the] Workforce Dean's Academy" for two years. *Id.* at 4–5. For

4   relief, she seeks the loss of potential earnings "at a Dean's [s]alary and the lost wages withheld

5   under FMLA, reinstatement of all sick leave used while PMFL was withheld," and "[]damages in

6   excess of $10,000[.]" *Id.* at 6.

## II.   DISCUSSION

8       District courts retain broad discretion to control their dockets, including the authority to

9   "dismiss a duplicative later-filed action, to stay that action pending resolution of the previously

10   filed action, to enjoin the parties from proceeding with it, or to consolidate both actions" after

11   "weighing the equities of the case." *Adams v. Cal. Dep't of Health Servs.,* 487 F.3d 684, 688 (9th

12   Cir. 2007) (*overruled on other grounds by Taylor v. Sturgell,* 553 U.S. 880 (2008)); *see also* Fed.

13   R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court

14   may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the

15   actions; or (3) issue any other orders to avoid unnecessary cost or delay."); *In re Adams Apple,*

16   *Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (a court may consolidate cases *sua sponte*). To determine

17   whether a later suit is duplicative of an earlier suit, the court "examine[s] whether the causes of

18   action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487

19   F.3d at 688–89. A court considering whether consolidation is appropriate will also weigh the

20   interests of judicial economy against any delay or prejudice that might result from consolidation.

21   *See Butler v. Raugh*, No. C19-964-RSM, No. C19-965-RSM, 2019 WL 3716447, at *2 (W.D.

22   Wash. Aug. 7, 2019) (granting consolidation where there were "common questions of law and fact

23   as each of the lawsuits involve the same operative facts, the same legal theories, and similar

24   relationships between the parties.").

1    This case arises out of the same employment relationship between Ms. Burton-Curl and

2  Defendant as in *Burton-Curl I*. Although the complaints cite some different employment-related

3  statutes, they all include ADA claims. The complaints involve common questions of law and fact,

4  including facts surrounding the employment relationship and whether Defendant accommodated

5  Ms. Burton-Curl's disability on October 5, 2022. Dkt. No. 5 at 5. Principles of judicial economy

6  therefore support consolidation. Furthermore, it appears that Ms. Burton-Curl intended her

7  submission to serve as a motion for leave to file a supplemental complaint: she captions her

8  pleading as a "Supplement Complaint" and requests that the Court "permit a Supplement

9  Complaint . . . based on recent EEOC case closures with time sensitive 'Right to Sue Letters'

10  issued July 2023." Dkt. No. 5 at 1, 4. Finally, this case and the consolidated case are at the same

11  stage in the litigation. Defendant has not yet answered and no trial date has been set, so it does not

12  appear that any delay or prejudice will result from consolidation. *Cf. Davis v. Wash. State Dep't*

13  *of Corr.*, No. 3:16-CV-05129-BHS-DWC, 2017 WL 368266, at *2 (W.D. Wash. Jan. 24, 2017)

14  (denying motion to consolidate when cases did not involve the same facts or parties, and

15  consolidation would cause prejudice because one case involved a pending motion for summary

16  judgment). Consolidation therefore is appropriate.

17    The Court cautions Ms. Burton-Curl that "[p]laintiffs generally have no right to maintain

18  two separate actions involving the same subject matter at the same time in the same court and

19  against the same defendant." *Gonzalez v. US Hum. Rts. Network Inc.*, No. CV-21-01459-PHX-

20  DWL, 2022 WL 3575305, at *6 (D. Ariz. July 21, 2022); *Adams*, 487 F.3d at 688. As Ms. Burton-

21  Curl seems to recognize in captioning her pleading as a "Supplemental Complaint," Dkt. No. 5 at

22  1, in general, a plaintiff who seeks to modify her complaint with new causes of action arising out

23  of the same or related body of facts should file a motion to amend or supplement her complaint

24  instead of filing an entirely new lawsuit. Fed. R. Civ. P. 15. As relevant here, supplementation—

ORDER CONSOLIDATING CASES AND DIRECTING PLAINTIFF TO FILE A THIRD AMENDED
COMPLAINT - 4

as opposed to amendment—is appropriate where new claims or allegations are based upon facts that arose after the prior complaint was filed. Fed. R. Civ. P. 15(d).

Should Ms. Burton-Curl continue to file duplicative lawsuits, the Court may exercise its discretion to dismiss such lawsuits rather than engaging in the inefficient exercise of consolidation. *See Gonzalez*, 2022 WL 3575305, at *5 n.3.

### III.  CONCLUSION

For the foregoing reasons, the Court finds and ORDERS as follows:

1.     *Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01772-LK, (W.D. Wash.) and *Burton-Curl v. S. Dist. Seattle Coll.*, No. 2:23-cv-01242-LK (W.D. Wash.) are CONSOLIDATED;

2.     Ms. Burton-Curl is DIRECTED to file an amended consolidated complaint (including all of her claims against Defendant) in her earlier-filed case—2:22-cv-01772-LK—within 30 days of the date of this Order;

3.     The parties are DIRECTED to file documents only in 2:22-cv-01772-LK and not in 2:23-cv-01242-LK.

4.     Defendant's answer or responsive motion is due no later than 21 days from the date Ms. Burton-Curl files her consolidated complaint.

The Clerk is directed to close 2:23-cv-01242-LK and to send uncertified copies of this Order to all counsel of record and to Ms. Burton-Curl at her last known address.

Dated this 25th day of August, 2023.

Lauren King
Lauren King
United States District Judge

ORDER CONSOLIDATING CASES AND DIRECTING PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT - 5